**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Raul Padilla AGUNDEZ, Defendant—
Appellant.**

No. 03–50270.
D.C. No. CR–02–02839–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 18, 2003.

Joseph S. Smith, Jr., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy A. Scott, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**MEMORANDUM****

Raul Padilla Agundez appeals the sentence imposed following his guilty plea to attempted escape from custody, in violation of 18 U.S.C. § 751(a). Agundez contends that the district court violated the Sixth Amendment by using an uncounseled prior state conviction in calculating Agundez's criminal history category. We lack jurisdiction because Agundez waived his right to appeal.

The plea agreement provided that Agundez "waives, to the full extent of the law, any right to appeal or collaterally attack the conviction and sentence, unless the Court imposes a custodial sentence greater than that recommended by the Government pursuant this agreement at the time of the sentencing." Because the government made the recommendations required by the plea agreement and the district court imposed a sentence consistent with those recommendations, we enforce the waiver of appeal. The fact that the appeal waiver was contained in a plea agreement that stated expressly (1) that there was no agreement as to Agundez's criminal history category and (2) that the government was not making any representation as to what sentence Agundez would actually receive, undermines Agundez's contention that the waiver did not encompass the claim raised on appeal. There being no indication in the record that the waiver of appeal was other than knowing and voluntary, *United States v. Blitz*, 151 F.3d 1002, 1006 (9th Cir.1998), this appeal is

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.